State Farm Mutual Automobile
Insurance Company, an Illinois
corporation, and State Farm Fire
and Casualty Company, an Illinois
corporation,

        Plaintiffs,

v.                              **ORDER**

Mobile Diagnostic Imagine, Inc.,
a Minnesota limited liability
company and Michael Appleman,
individually,

        Defendants.

This matter is before the court upon the request by plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, State Farm) to "supplement the summary judgment motion record in this matter."[1] ECF No. 67, at 1. For the following reasons, the request is denied.

On September 20, 2013, the court heard oral arguments on cross motions for summary judgment. On November 4, 2013, State Farm

---

[1] State Farm also seeks to retract its concession at oral argument that it had no evidence of a knowing and intentional violation of the corporate practice of medicine doctrine. A party, however, "is bound by concessions made in its brief or at oral argument." Hilao v. Estate of Marcos, 393 F.3d 987, 993 (9th Cir. 2004) (citation omitted); see Fowler v. Rhode Island, 345 U.S. 67, 69 (1953) ("That broad concession, made in oral argument, is fatal to Rhode Island's case."); Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997) (noting that a party is bound by unambiguous concessions made at appellate oral argument). As a result, the court denies State Farm's request to retract its concession.

submitted a letter requesting that the court consider several documents produced by defendant Mobile Diagnostic Imaging, Inc. (MDI) in another matter. State Farm argues that these documents should have been produced in this action, pursuant to the May 29, 2013, discovery order by Magistrate Judge Jeanne J. Graham. See ECF No. 39. MDI opposes supplementation of the record and argues that the documents were not responsive to the order of the magistrate judge.

State Farm's request "is, in effect, a motion under Fed. R. Civ. P. 16(b)(4) and D. Minn. LR 16.3(a) to modify the scheduling order by extending the fact-discovery deadline. Such a motion must be supported by 'good cause.'" Land O'Lakes, Inc. v. Emp'rs Mut. Liab. Ins. Co. of Wis., 846 F. Supp. 2d 1007, 1017 (D. Minn. 2012), aff'd sub nom. Land O'Lakes, Inc. v. Emp'rs Ins. Co. of Wausau, 728 F.3d 822 (8th Cir. 2013). State Farm argues that good cause exists because the materials at issue were subject to the discovery order of May 29, 2013. The court disagrees. The discovery order specifically directed MDI to produce "copies of the leases" to State Farm. See ECF No. 39, at 5. MDI produced the copies of the leases. ECF No. 68, at 2. The documents that State Farm now seeks to have admitted to the record, including "an internal MDI memorandum" and a "roster of chiropractic practices," are not covered by the magistrate judge's order. See ECF No. 67, at 1. In sum, State Farm has not shown good cause to modify the scheduling

order or supplement the summary judgment record.  See Land O'Lakes, 846 F. Supp. 2d at 1017 ("In every case ... evidence that one side or the other finds helpful might come to light after the close of discovery.  But for courts to adjudicate cases with some semblance of efficiency, the record cannot be an ever-moving target.  At some point, the record must hold still, and a court must be able to decide the case based on the record before it.").  As a result, the court denies the request.

Accordingly, **IT IS HEREBY ORDERED** that State Farm's request to supplement the summary judgment record [ECF No. 67] is denied.

Dated:  November 18, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court